UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WARREN JACKSON and DIONNE
WILLIAMS,

        Plaintiff,

        v.

MAYWOOD POLICE DEPARTMENT,
MAYWOOD ANIMAL CONTROL
DEPARTMENT, JOSE OROZCO and
DELOREAN JOHNSON,

        Defendants.

No. 25 CV 7692

Judge Manish S. Shah

MEMORANDUM OPINION AND ORDER

Maywood Police Officer Jose Orozco shot and killed plaintiffs Warren Jackson's
and Dionne Williams's dog. Plaintiffs filed this lawsuit and named the Maywood
Police Department, Maywood Animal Control Department, Jose Orozco, and
Maywood Dog Catcher DeLorean Johnson as defendants. For the reasons discussed
below, defendants' motion to dismiss for failure to state a claim is granted in part and
denied in part. The Maywood Police Department, Animal Control Department, and
DeLorean Johnson are dismissed from the case, but the case against Jose Orozco can
proceed.

## I.    Legal Standards

A complaint requires only "a short and plain statement" showing that the
plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662,
677–78 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the

plaintiffs must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although plaintiffs do not need to recite every detail related to their allegations, they must "include enough facts to present 'a story that holds together.'" *Roldan v. Stroud*, 52 F.4th 335, 339 (7th Cir. 2022) (quoting *Reed v. Palmer*, 906 F.3d 540, 548 (7th Cir. 2018)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Iqbal*, 556 U.S. at 678.

Federal Rule of Civil Procedure 12(b)(1) governs dismissals based on a lack of subject-matter jurisdiction. A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiffs bear the burden of establishing jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009).

At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678; *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## II. Facts

On July 8, 2024, plaintiffs' dog was on the side of the house at 2015 S 3rd Avenue, Maywood, Illinois. [1] at 4.[1] Dog catcher DeLorean Johnson approached the dog, which ran into the yard next door. [1] at 4. Johnson followed the dog into the yard and closed the fence. [1] at 4. The dog ran around the yard and "c[ame] out of

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiffs' complaint, [1].

the gate." [1] at 4. Maywood Police Officer Jose Orozco fired three or four shots, killing the dog. [1] at 4.

### III.     Analysis

#### A.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction, arguing that plaintiffs have failed to allege a short and plain statement of the grounds for the court's jurisdiction. Plaintiffs submitted the Northern District of Illinois's form for "Complaint under the Civil Rights Act, Title 42, Section 1983 U.S. Code."[2] [1]. They selected the option to say they were bringing their complaint under the Civil Rights Act, 42 US.C. § 1983. [1] at 1. This is the vehicle for plaintiffs to bring constitutional claims against defendants. District courts have jurisdiction of all civil actions arising under the Constitution or laws of the United States. 28 U.S.C. § 1331. I have subject-matter jurisdiction to consider plaintiffs' complaint.

#### B.     Motion to Dismiss for Failure to State a Claim

Defendants also argue that plaintiffs' complaint fails to state a claim upon which relief can be granted. They say that plaintiffs fail to allege a deprivation of rights subject to 42 U.S.C. § 1983. Although the plaintiffs' statement of the claim is brief, it describes an encounter that states a plausible claim for relief against Orozco. The complaint alleges that plaintiffs' dog was shot and killed by Orozco, a Maywood Police Department officer. [1] at 4. "[T]he killing of a companion dog constitutes a 'seizure' within the meaning of the Fourth Amendment." *Viilo v. Eyre*, 547 F.3d 707,

---

[2] Available on the court's website at https://www.ilnd.uscourts.gov/forms.php.

710 (7th Cir. 2008). So, the complaint adequately alleges facts that may constitute a Fourth Amendment violation by Orozco.

On the other hand, the complaint does not allege any unconstitutional acts on the part of defendant Johnson. He did not shoot the dog, nor is there any allegation that he knew Orozco would do so or took any part in Orozco's actions. Johnson is dismissed as a defendant.

To state a claim against the Maywood Police Department and Animal Control Department for Jackson's and Williams's right against unreasonable searches and seizures, plaintiffs were "required to 'plead[] factual content that allows the court to draw the reasonable inference' that the [Village of Maywood] maintained a policy, custom, or practice" of Fourth Amendment violations for shooting dogs. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).[3] Plaintiffs make no allegations that allow me to draw that inference. The Maywood Police Department and Animal Control Department (and, to the extent it is the correct defendant, the Village of Maywood) are dismissed as defendants.

Defendants also argue that "indisputable" video evidence demonstrates the officer's actions were reasonable, and that Orozco is entitled to qualified immunity. The defendants submit the footage of the incident from Orozco's body-worn camera as evidence of the reasonableness of his actions. They rely on the proposition that

---

[3] The Maywood Police Department and Maywood Animal Control Department are not proper defendants, because they are not suable entities separate from the Village of Maywood. *See Averhart v. City of Chicago*, 114 Fed.Appx. 246, 247 (7th Cir. 2004) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). The Village of Maywood would be the proper defendant for a claim against the municipality.

district courts can review video evidence at this stage if the video is "central to the plaintiff's claim, even if such video evidence is not attached to the complaint." [19] at 2 (citing *Esco v. City of Chicago*, 107 F.4th 673, 678 (7th Cir. 2024)). But *Esco* is distinguishable. *Esco* says that district courts may "examine exhibits, including video exhibits, *attached to the complaint, or referenced in the pleading* if they are central to the claim." *Esco*, 107 F.4th at 678 (emphasis added). The plaintiff in *Esco* "relied on" the body-worn camera footage for the allegations in his complaint. *Id.* And *Esco* made clear that "a district court deciding a motion to dismiss, may not defy the Supreme Court's command to accept all facts in the complaint as true, and instead rely on video evidence unless the video 'utterly discredit[s]' the non-movant's version of the facts such that there could be no reasonable disagreement about what the video depicts." *Id.* at 679.

Plaintiffs did not attach the video footage, rely on, or even reference, the body-worn camera footage in their complaint. I do not consider the video evidence.

But even if I were to consider the footage, it does not utterly discredit the plaintiffs' claim for an unreasonable seizure. Assessing the video in the light most favorable to plaintiffs, *id.*, it is not conclusive that Orozco's actions were reasonable. That requires more factual development. The video does not shed light on reasonable alternatives, potential risk to bystanders nearby, or other information that Orozco may have reasonably known that would inform a decision to seize the dog through a lethal use of force. Because the footage does not entirely discredit plaintiffs' claim, it is not a reason to dismiss the case.

Finally, defendants assert that they are entitled to qualified immunity. But it is clearly established that the "killing of a companion dog constitutes a 'seizure' within the meaning of the Fourth Amendment," and so Orozco's actions were "constitutional only if reasonable." *Viilo*, 547 F.3d at 710. Deadly force against a household pet is "reasonable only if the pet poses an immediate danger and the use of force is unavoidable." *Id.* The video does not conclusively show that the dog was an immediate danger and that the use of force was unavoidable. *See Smith v. Finkley*, 10 F.4th 725, 730 (7th Cir. 2021). For example, defendants say that Orozco knew the dog had previously bit another person, which supported his need to use deadly force. But there may be multiple interpretations of the conversation between Orozco and the witness who called the police. [21] at 6:10–6:31 ("And you said that this dog mauled your neighbor before? How long ago? A week ago? Two weeks ago?"). Orozco asked questions about when the mauling happened, who got hurt, their name, and whether anyone saw it happen. [21] at 6:10–6:31. These questions indicate he may not have had any knowledge of a prior mauling; he was investigating and may not yet have credited the description of a past incident. Whether Orozco knew about the dog's history could change the determination of whether a reasonable officer felt they were in immediate danger and that the use of force was unavoidable. The undeveloped issues of fact prevent resolution of the qualified immunity defense for now. *Viilo*, 547 F.3d at 711.

### C.     Failure to Comply with Fed. R. Civ. P. 11

Defendants move to dismiss plaintiff Dionne Williams because she did not sign the complaint. Under Fed. R. Civ. P. 11(a), an unrepresented party must personally sign "[e]very pleading, written motion, and other paper." Pro se plaintiffs are not permitted to sign on behalf of other plaintiffs. *See* 28 U.S.C. § 1654; *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013). Dionne Williams must sign the complaint herself.

Plaintiffs request leave to amend the complaint with proper signatures and attach to their response to the motion to dismiss an amended complaint that Williams has signed. I grant the plaintiffs' request. *Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 671–72 (7th Cir. 2023) (plaintiffs are "generally entitled to at least one chance to amend their complaint to cure an error in response to a district court's dismissal order") (internal quotation marks and citation omitted). The plaintiffs must file an amended complaint as a separate entry on the docket. In addition to fixing plaintiff Williams's signature, plaintiffs can use this opportunity to try to state a claim against Johnson and the Village of Maywood. As explained above, to state a claim against the Village, plaintiffs must allege that the unconstitutional conduct was caused by a municipal policy or practice. It is not enough that individual defendants worked for the Village. To state a claim against Johnson, plaintiffs must allege facts that show he was personally involved in unconstitutional conduct that harmed plaintiffs.  Or, plaintiffs can simply file the current complaint signed by both plaintiffs and this lawsuit will proceed against defendant Orozco only.

Plaintiffs are reminded that each named plaintiff must be harmed by the actions of any defendant. It is not entirely clear from the complaint if the dog is only Jackson's, only Williams's, or both Jackson's and Williams's. [1] at 4 ("my" dog). As the case progresses, plaintiffs will need to prove how the conduct harmed each of them.

## IV. Conclusion

Defendants' motion to dismiss, [18], is granted in part and denied in part. Plaintiffs' claims against defendant Johnson, the Maywood Police Department, and the Maywood Animal Control Department are dismissed without prejudice. Plaintiffs' Fourth Amendment claim against defendant Orozco remains. Plaintiffs must file an amended complaint signed by both plaintiffs by May 20, 2026.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: April 29, 2026